### 42658. COOGLER, Executor, et al. v. DILLASHAW.

DEEN, Judge. In *Dillashaw v. Coogler*, 114 Ga. App. 139 (150 SE2d 161), an action for wrongful death by drowning against the proprietor of a swimming pool, it was held that a verdict was demanded in favor of the defendant as against each allegation of negligence charged. The present action for funeral expenses which sets up the same facts and the same allegations of negligence was heard on a motion for summary judgment, the evidence introduced being the brief of evidence in the wrongful death action. The two actions are therefore identical, with one exception. In the former action it was established that an autopsy had disclosed five bruises on the head of the deceased child, and the expert testimony was to the fact that these had been sustained very shortly before death and would likely have rendered him unconscious so that he drowned. There is in the present record in addition an affidavit to the effect that the boy had received the bruises prior to the day on which he was drowned. Such evidence does not help the plaintiff, since it shows only that the deceased did not receive these physical injuries while in the defendant's pool. Its effect is to further demonstrate non-negligence rather than negligence. It having been held that the evidence adduced requires a finding of non-liability on the part of the defendant, it was error to deny the motion for summary judgment.

*Judgment reversed. Frankum, P. J., and Quillian, J., concur.*

ARGUED MARCH 8, 1967—DECIDED APRIL 5, 1967.

*Marvin G. Russell, Turner Paschal,* for appellants.

*Reeves & Collier, Rex T. Reeves, Merrell H. Collier,* for appellee.